RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/22/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMOS BANKS (DOC# 99440) | DOCKET NO. 11-CV-0528; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| PAT THOMAS | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Amos Banks. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center. Plaintiff claims that the defendants denied him medical care, and he seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

According to Plaintiff's complaint and the exhibits attached thereto, Plaintiff was examined pursuant to a medical emergency on January 20, 2011 at 11:00 a.m. for complaints of injury to toes [Doc. #1, p.11] caused by his foot locker falling onto his foot [Doc. #1, p.9] Plaintiff asked the nurse to refer him to LSU medical hospital for x-rays to see if his toes were broken. [Doc. #1, p.9] Minor swelling was noted to the 2nd, 3rd, 4th, and 5th toes on the right foot. Plaintiff was able to move all toes, flex foot, and bend ankle. Pedal pulse was present and capillaries refilled

fast. [Doc. #1, p.11] Plaintiff was provided medication for pain and inflammation and was provided a "lay-in pass" for three days. [Doc. #1, p.11]

On January 29, 2011, Plaintiff was again seen for sick-call. No swelling in the foot was noted. Plaintiff had range of motion to toes. He was ordered medication for pain again and referred to the Nurse Practitioner for further evaluation. [Doc. #1, p.11]

On February 24, 2011, Plaintiff was examined by the Nurse Practitioner for back pain and headaches. The NP performed an extensive examination and provided orders for Plaintiff to have his 2nd, 3rd, and 4th toes "buddy taped" together for two weeks. [Doc. #1, p. 11] Plaintiff was instructed to follow up through sick call.

## Law and Analysis

Plaintiff has requested and continues to request that he be sent to an LSU hospital for x-rays of his toes. [Doc. #1, p.11, "I need to x-ray my toes. Please send me to hospital for x-ray."; p.9, "Is there any way that someone could get me to LSU to get xrays to make shore [sic] that there are no broke bones."]

To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth

Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has not presented allegations of deliberate indifference. Instead, Plaintiff submitted evidence that on multiple occasions, he was provided with medical care including an extensive examination, medication for pain and swelling, a "lay-in" pass, and the taping of the injured toes. His complaint has to do with his own opinion that x-rays are necessary. Clearly the medical staff disagrees and does not find it necessary to x-ray Plaintiff's toes when the swelling has subsided and Plaintiff has good range of motion. What Plaintiff has essentially alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d

3

286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). He has not alleged that the defendants refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. Even "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, ***nor does a prisoner's disagreement with his medical treatment***, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted). Plaintiff's disagreement with the course or quality of his medical treatment does not state a claim for which relief can be granted.

### *Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk

of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 21st day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5